*103 ORDER DISMISSING COMPLAINT
KATHARINE ENGLISH, Chief Judge.
Defendants, the Tribe and the tribal Gaming Commission, move to dismiss this personal injury action. For the following reasons, the court grants the motion.
ISSUE PRESENTED:
When the plaintiff was recommended for an appointment to the Gaming Commission, and the Tribal Chairperson did not forward that recommendation to the Tribal Council for a vote, but instead asked for a second recommendation, and placed that recommendation on the Tribal Council’s agenda for a vote, can the plaintiff sue the Tribal Council and the Gaming Commission for negligence, or is the Tribe immune from suit under the claim of sovereign immunity?
BACKGROUND:
In his complaint, plaintiff alleges that the Chairperson of the Tribal Council negligently handled the Gaming Commission’s recommendation that plaintiff be appointed to fill a vacancy on the Commission. Specifically, plaintiff claims that the Chairperson acted negligently when she informally discussed with four other Tribal Council members the recommendation that plaintiff be appointed to the Gaming Commission, rather than assigning the recommendation as an item on the Council’s agenda and discussing it in a formal Council meeting. Plaintiff alleges that, ultimately, after the informal discussion between the Chairperson and the other four Council members: the Chairperson suggested to the Chair of the Gaming Commission that a second recommendation should be made to fill the vacancy on the Commission; such a second recommendation was made; and a committee of the Tribal Council reviewed that recommendation, which was later approved by a vote of the Council. Consequently, plaintiff was not appointed to the Commission. Plaintiff contends that the four Council members were negligent in voting on and approving the second recommendation to fill the Commission vacancy, when they knew that plaintiff was recommended first. He alleges that the Chair of the Gaming Commission was negligent in providing a second recommendation, when no final action had been taken on the recommendation to appoint plaintiff.
Defendants have moved to dismiss. Their motion is based on sovereign immunity and on the assertion that plaintiff has failed to cite any authority in support of his claims. Plaintiff opposes the motion to dismiss, arguing that sovereign immunity has been waived and that the Tribal Council Chairperson, the four Council members, and the Chair of the Gaming Commission have all breached a legal duty. Because the court concludes that sovereign immunity has not been waived in this case, the court grants the motion to dismiss without reaching the issue of whether plaintiff has adequately pleaded any breach of duty on the part of defendants.
ANALYSIS:
In arguing that sovereign immunity has not been waived here, defendants rely on both a provision of the Tribal Code and a section taken from the Tort Claims Ordinance. Tribal Code § 255.6(e)(4) provides:
“Notwithstanding any other provisions of this Ordinance, there shall be no exception to or waiver of sovereign immunity for any claim for monetary damages for any injury alleged to have resulted from any * * * [llegislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature * *
(Emphasis added). The Tort Claims Ordinance, § 255.6(e)(4), states:
“there shall be no exception to or waiver of sovereign immunity for any claim of *104 monetary damages for any injury alleged to have resulted from any * * * [ejxercise or performance or the failure to exercise or perform a discretionary function or duty or the implementation or failure to implement decisions by the Tribe or any agent, employee or officer of the Tribe ■whether or not the discretion be abused in any such manner * * * ”
(Emphasis added).
With respect to the latter provision, defendants argue that the Council Chairperson has “discretion to include or exclude potential matters” from the Council’s formal agenda. Plaintiff disagrees, arguing that the Chairperson is mandated to “assign likely Tribal Council agenda items to the appropriate committee for study and consideration.” Tribal Code § 220(/ )(6) (emphasis added). Plaintiff reasons that an appointment to the Tribal Gaming Commission is self-evidently a “likely” agenda item and that the Chairperson therefore erred in not placing the recommendation that he be appointed on the Tribal Council’s formal agenda. Defendants respond that even if filling a Commission vacancy is a “likely” or even a certain agenda item for Council consideration, it does not follow that the Council must formally consider every recommendation to fill such a vacancy. Although the appointment ultimately must be approved by the Council, see Gaming Ordinance Tribal Code 740.1(g), defendants argue that it does not follow that the Council cannot informally reject a particular nominee.
The court need not and does not resolve that question. Assuming arguendo that plaintiff is right and that the recommendation that he should be appointed to the Commission was a “likely” agenda item that should have been placed on the Council agenda and considered formally, nevertheless defendants are correct that sovereign immunity has not been waived here. However the recommendation should have been handled, the consideration of such an appointment is a legislative or administrative matter.
As noted above, Tribal Code § 255.6(e)(4) explicitly provides that the Tribe’s sovereign immunity is not waived with respect to “any injury alleged to have resulted from any * * * [legislative * * * action or inaction, or administrative action or inaction of a legislative * * * nature[.]” “[A]n Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived immunity.” Kiowa Tribe of Okla. v. Manufacturing Tech., Inc., 523 U.S. 751, 118 S.Ct. 1700, 1702, 140 L.Ed.2d 981 (1998) (citations omitted). Waiver of sovereign immunity is a question of statutory interpretation, and “[a] waiver of sovereign immunity ‘cannot be implied but must be unequivocally expressed.’ ” Martin v. Hopi Tribe, 25 ILR 6185, 6187, 6186 (1996), quoting Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978) (other citations omitted). Here, far from an unequivocal waiver of sovereign immunity, the Tribal Code amounts to an unequivocal and unambiguous refusal to waive sovereign immunity with respect to legislative and administrative matters of a legislative nature. The issue thus narrows to whether Council “action or inaction,” Tribal Code § 255.6(2)(4), on a recommendation for an appointment to the Gaming Commission is a legislative matter or an administrative matter of a legislative nature.
Although it may sometimes be difficult to determine whether a matter is legislative or not, see, e.g., Yeldell v. Cooper Green Hosp., Inc., 956 F.2d 1056, 1062 (11th Cir.1992), the court has no difficulty in concluding that the Council’s consideration of an appointment to the Gaming Commission is a legislative matter. Indeed, making or approving appointments to gov *105 ernmental positions is a classic example of a legislative matter. See United States Constitution, Art II, § 2 (President’s authority to nominate “Ambassadors, other public Ministers and Consuls, * * * and all other Officers of the United States,” “with the Advice and Consent of the Senate”). Here, plaintiff himself stresses that the Tribal Gaming Ordinance gives the Council the authority and responsibility to appoint the members of the Gaming Commission. Gaming Ordinance Tribal Code § 740.1(g).
In sum, the court holds that the Tribal Council’s consideration of an appointment to the Gaming Commission is a legislative matter. It follows that the Tribe has not waived its sovereign immunity. It is immaterial that plaintiff alleges that the Chairperson, the four Council members, and the Chair of the Gaming Commission acted negligently in handling the recommendation that he be appointed and the eventual appointment of someone else to the Commission. A valid claim of sovereign immunity is not defeated if a government or Tribal official acts improperly. U.S. v. Yakima Tribal Ct., 806 F.2d 853, 860 (9th Cir.1986). Other-wise a claim of sovereign immunity could always be thrust aside by an assertion that the government official acted negligently and sovereign immunity would become an essentially meaningless protection. The law is to the contrary: “A waiver of sovereign immunity * * * must be unequivocally expressed.” Martin v. Hopi Tribe, 25 ILR at 6188 (internal quotation marks and citation omitted).
FINDINGS: The Court finds that the plaintiffs suit is barred by sovereign immunity.
IT IS THEREBY ORDERED:
The Motion to Dismiss is granted. Plaintiffs Complaint is dismissed.